**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

GREGORY KONRATH,        )
                             )
         Petitioner,    )
                             )     CAUSE NO. 3:16-CV-879 RL
      vs.              )
                             )
SUPERINTENDENT,        )
                             )
         Respondent.    )

**OPINION AND ORDER**

Gregory Konrath, a *pro se* prisoner, filed a habeas corpus petition challenging WCC 16-11-452, a prison disciplinary hearing held at the Westville Correctional Facility where a hearing officer found him guilty of an Abuse of Telephone offense in violation of B-361. In *Konrath v. Superintendent*, 3:16-CV-839 (N.D. Ind. filed Dec. 8, 2016), Konrath challenged the same prison disciplinary hearing that he is challenging in this petition. That habeas corpus petition was dismissed on December 12, 2016. He signed this habeas corpus petition on December 10, 2016.

This court lacks jurisdiction to hear an unauthorized successive habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Regardless of whether the claims that Konrath is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed. "A claim presented in a second or successive habeas corpus

application under section 2254 that was presented in a prior

application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Therefore any claims previously presented must be dismissed.

Additionally, for any claim not previously presented,

> Before a second or successive application permitted by
> this section is filed in the district court, the
> applicant shall move in the appropriate court of
> appeals for an order authorizing the district court to
> consider the application.

28 U.S.C. § 2244(b)(3). Here, Konrath has not obtained an order

from the court of appeals permitting him to proceed with any

previously unpresented claims. "A district court <u>must</u> dismiss a

second or successive petition . . . unless the court of appeals

has given approval for its filing." *Nunez v. United States*, 96

F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore

any previously unpresented claims must also be dismissed.

Finally, it must be noted that Konrath signed this habeas

petition just days after he signed the one in Case No. 3:16-cv-

839. In the past few months, Konrath has proven to be a busy

litigator who has filed 52 civil rights cases and 7 habeas cases

in this district. Based on his prior filings in this court, he

knows that it is malicious to re-file duplicative cases. The

court informed him of that on October 25, 2016. *See e.g., Konrath

v. Hughes*, Case No. 3:16-CV-712 (N.D. Ind. filed Oct. 17, 2016.)

Though he will not be sanctioned at this time, he is cautioned

that if he persists in abusing the judicial process, he may be

fined, sanctioned, or restricted from filing cases, even habeas corpus cases. *See Montgomery v. Davis*, 362 F.3d 956, 958 (7th Cir. 2004).

For the forgoing reasons, this malicious case is **DISMISSED** for want of jurisdiction.

DATED: January 4, 2017      /s/RUDY LOZANO, Judge
                                        United States District Court